IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR WALTHOUR** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PAUL FELDMAN, et al.** | : | **NO. 15-6643** |



FILED
DEC 22 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**MEMORANDUM**

**JONES, J.**                                                                                      **DECEMBER 22, 2015**

    Victor Walthour filed this civil action against Paul Feldman, Linda Hobkirk, and P.N.C. Bank. He purports to be raising claims for "conspiracy, breech [sic] of trust, [and] falsified documents," based on his allegation that the defendants "conspired to have [him] removed as Guardian of his wife." (Compl. ¶¶ II.B & III.C.) In that regard, he alleges that, "[w]hen [he] refused to sign exhibit (A) [a June 1, 2009 consent form to have his wife admitted to a facility for nursing treatment] he was removed as guardian of his wife." (*Id.* ¶ III.C.) He attached to his complaint copies of letters and motions related to state court litigation involving his wife (who has been adjudicated to be an incapacitated person) and orders issued by the state court in connection with that litigation, a trust established for her care, and an ejectment action. One of those orders reflects that plaintiff was removed as co-guardian of his wife in March of 2010.

    As plaintiff is proceeding *in forma pauperis*, the Court must screen his complaint and dismiss it if, among other things, it is malicious or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y*

1

*Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint fails to provide any basis for concluding that the defendants are liable to plaintiff under any federal or state laws. Instead, it is based solely on a conclusory allegation that the defendants conspired against him. To the extent plaintiff raises claims under 42 U.S.C. § 1983, nothing in his complaint provides a plausible basis for establishing that the defendants are state actors subject to liability under that statute. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Furthermore, to the extent plaintiff is seeking relief that would require this Court to review and reject state court judgments that are unfavorable to him, the Court lacks jurisdiction over his claims. *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010). In other words, this Court may not disturb orders issued by the state courts on the basis that those orders caused plaintiff harm and/or violated his rights. In any event, it appears from the face of the complaint and attachments thereto that the vast majority (if not all) of plaintiff's claims are barred by the applicable two-year statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also* 42 Pa. Cons. Stat. § 5524. Finally, in the event plaintiff could state a plausible basis for a timely claim under state law, there is no apparent basis for subject matter jurisdiction over any such claims under 28 U.S.C. § 1332(a), because the complaint does not allege the citizenship of the parties.

The Court also notes that plaintiff has previously attempted to litigate claims in this Court based on several of the same events giving rise to plaintiff's claims in this case. *See Walthour v. Herron*, E.D. Pa. Civ. A. No.13-112; *Walthour v. Herron*, E.D. Pa. Civ. A. No. 11-1690;

*Walthour v. Herron*, E.D. Pa. Civ. A. No. 10-1495; *Walthour v. Gibson*, E.D. Pa. Civ. A. No. 10-682. Plaintiff did not prevail in any of those cases. To the extent plaintiff is reasserting repetitive claims here, the Court will dismiss those claims as malicious. *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.").

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows, which shall be docketed separately.